PANISH | SHEA | RAVIPUDI LLP
ADAM SHEA, State Bar No. 166800
*shea@panish.law*
MATTHEW FREEMAN, State Bar No. 330510
*mfreeman@panish.law*
JORDAN PHILLIPS, State Bar No. 351974
*jphillips@panish.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

LAW OFFICE OF H. WAYNE GREEN
H. WAYNE GREEN, State Bar No. 92671
*imgreenlaw@aol.com*
758 East Bullard Avenue, Suite 100
Fresno, California 92618
Telephone: 559.432.2750
Facsimile: 559.447.1248

Attorneys for Plaintiffs

PANISH | SHEA | RAVIPUDI LLP

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| VICTOR DIAZ, an individual; MARIA DIAZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CARGILL MEAT SOLUTIONS CORPORATION, a Delaware corporation; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:26-cv-02089-SAB<br><br>**NOTICE OF MOTION AND MOTION OF VICTOR DIAZ AND MARIA DIAZ TO AMEND COMPLAINT ; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>The Hon. Stanley A. Boone<br><br>Trial Date: February 29, 2028<br><br>Hearing Date: October 28, 2026<br>Hearing Time: 10:00 a.m. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 28, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Stanley A. Boone, located in the United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, Courtroom 9, Victor Diaz and Maria Diaz ("plaintiffs") will and hereby do move this Court to Amend Complaint.

This Motion is made upon the following grounds:

1. Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

2. The policy to allow amendments to complaints "[I]s to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

3. Plaintiff was ignorant of the true name of the Cargill Meat Solutions employee who operated the lift, resulting in Victor Diaz's injury at the time of filing their complaint. Plaintiffs now seek to amend their complaint substituting Jose Rivas for DOE 1. Accordingly, the proposed amendment to plaintiffs' complaint is filed in accordance with California Rules of Civil Procedure section 474.

4. Plaintiffs' motion: (1) is not the result of undue delay, (2) is not the result of bad faith or dilatory motive, (3) is not the result of repeated failure to cure deficiencies in amendments, (4) does not cause undue prejudice to defendants, (5) and is not a futile pleading. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

5. Defendant Cargill Meat Solutions Corporation disclosed that its employee, Jose Rivas, is the individual who operated the lift that plaintiffs allege caused the dock plate to shift injuring Victor Diaz.

6. The deadline to join parties or amend pleadings in this matter is September 1, 2026.

7. Plaintiffs have attempted, in good faith, to meet and confer with counsel for defendant Cargill Meat Solutions Corporation regarding a stipulation to allow plaintiffs to amend their complaint. As of the time of the filing of this motion, the parties have not been able to



PANISH | SHEA | RAVIPUDI LLP

stipulate to allow plaintiffs to amend their complaint.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Matthew G. Freeman filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: August 28, 2026

PANISH | SHEA | RAVIPUDI LLP

By: /s/Matthew G. Freeman
Matthew Freeman
Attorneys for Plaintiffs

PANISH | SHEA | RAVIPUDI LLP

PANISH | SHEA | RAVIPUDI LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The claims set forth herein arise from an incident that occurred on February 12, 2024 which caused severe injuries to plaintiff Victor Diaz and loss of consortium damages to plaintiff Maria Diaz. On that date, plaintiff Victor Diaz was an invitee at Cargill Meat Solutions Corporation ("Cargill") and Does 2 through 50's, meat-packing facility located at 3115 S Fig Ave, Fresno, CA 93706, for the purpose of removing an existing segment of dock and pouring concrete for a new dock at that location. At or around that time, Jose Rivas —while acting in the course and scope of his employment for defendants Cargill and DOES 2 through 50, inclusive— was operating a lift and negligently caused the dock plate to move, striking plaintiff Victor Diaz in the head and knocking him to the ground, causing him severe injuries

This motion seeks to amend the operative complaint to substitute Jose Rivas as defendant DOE 1 to the present action. A copy of the proposed First Amended Complaint for Damages is attached hereto as Exhibit 1. The deadline to join parties or amend pleadings in this matter is September 1, 2026. (ECF No. 13) This motion to amend complaint is filed before the deadline.

## II. PROCEDURAL HISTORY

Plaintiffs originally brought suit in the Superior Court of California, County of Fresno, against defendants Cargill and Does 1 through 50, on February 12, 2026. At the time of filing the name and identity of Jose Rivas was unknown to Plaintiffs. On March 16, 2026, Cargill filed a Notice of Removal, removing this action to the District Court of the Eastern District of California. (ECF No. 1)

The Scheduling Order in this matter, entered on May 28, 2026, set the deadline to join parties or amend pleadings was set for August 1, 2026. (ECF No. 9) On July 28, 2026, this Court signed the Order Re: Stipulation to Continue Deadline to Join Parties or Amend Pleadings to set the deadline to join parties or amend pleadings on September 1, 2026. (ECF No. 13)

On August 13, 2026, counsel for plaintiffs received a phone call from counsel for Cargill, David Belcher. During this conversation, Mr. Belcher stated that Jose Rivas was the former Cargill employee who operated the lift that caused the dock plate to move, which Plaintiffs allege

resulted in Victor Diaz's injury. During this conversation, Mr. Belcher stated that he would attempt to provide a supplemental Rule 26 Disclosure regarding Jose Rivas sometime during the week of August 17.

On August 21, 2026, counsel for plaintiffs emailed asking Mr. Belcher when plaintiffs can expect a supplemental disclosure from Cargill. (Declaration of Matthew G. Freeman, ¶ 2, Ex. 2) That same day, Mr. Belcher emailed plaintiffs' counsel stating he was waiting on additional documents and information from his client. (Freeman Decl.. at ¶ 3, Ex. 3) On August 25, 2026, counsel for plaintiffs requested that Cargill stipulate to allow plaintiffs to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). (Freeman Decl. at ¶ 4, Ex. 4) On August 27, 2026, counsel for plaintiffs emailed Mr. Belcher stating that if his client could not stipulate to allowing plaintiffs to amend their complaint, then plaintiffs would bring the present motion. (Freeman Decl. at ¶ 5, Ex. 5) On August 28, 2026, Mr. Belcher called plaintiffs counsel and stated he would speak to his client regarding the parties stipulating to allow plaintiffs to amend complaint. As of the time of filing this motion, Cargill has not stipulated to allow plaintiffs to amend their complaint.

## III. LEGAL STANDARD ON A MOTION TO AMEND COMPLAINT

Fed. R. Civ. P. 15 (a)(2) states in pertinent part, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003).

In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, (5) futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman,* 371 U.S. at 182.

In the Ninth Circuit, not all the *Foman* factors are weighed equally, as "it is the



PANISH | SHEA | RAVIPUDI LLP

consideration of prejudice to the opposing party that carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Accordingly, plaintiffs' motion must be granted because there does not exist any apparent or declared reason for why leave should not be freely given for plaintiffs to amend their complaint.

**IV. LEGAL ARGUMENT**

**A. There is no undue delay.**

Plaintiffs have been timely in the presentation of the instant motion for leave to amend the Complaint per the scheduling order. Plaintiffs only discovered the identity of Jose Rivas on August 13, 2026, and thereafter have diligently sought supporting information and stipulation of the parties to allow plaintiffs to amend their complaint in accordance with California Code of Civil Procedure section 474. Therefore, there is no undue delay in plaintiffs moving the Court to allow amendment of plaintiffs' complaint.

**B. There does not exist any bad faith or dilatory motive.**

The Ninth Circuit has suggested that a proposed amended complaint may be offered in bad faith where it seeks to add "new but baseless legal theories." *Griggs v. Pace American Group, Inc*., 170 F.3d 877, 881 (9th Cir. 1999). That is not the case here. Plaintiffs are not seeking to argue any new legal theories – only to add Jose Rivas as a party to the Compliant. There is no indication of bad faith concerning the timing and filing of the present motion as plaintiffs are only asserting the prior causes of action against a newly discovered defendant.

**C. There does not exist any repeated failure to cure deficiencies by amendment.**

This is the first request to the Court for amendment of the complaint. There are not repeated failures to cure deficiencies.

**D. There does not exist any undue prejudice to the defendants.**

By allowing plaintiffs to amend their Complaint, there is no prejudice to the defendants. Defendants are already privy to all the information that forms the basis of all of the amendments to plaintiffs' Complaint. All of the new information included in the Amended Complaint concerns information that was uncovered through the parties' participation in discovery. Plaintiffs are asserting the same causes of action as the original complaint. (Freeman Decl. at ¶ 1, Ex. 1) Thus,



PANISH | SHEA | RAVIPUDI LLP

defendants will not be prejudiced through discovery and would instead continue the same investigation of plaintiffs' claims.

Furthermore, it was clear in the original complaint that plaintiffs intended to name the Cargill employee who operated the lift resulting in Victor Diaz's injury, once his identity was discovered. The original complaint repeatedly states, "Defendants Cargill Meat Solutions Corporation and ***DOES 1 through 50, inclusive, including said Defendant's employees, agents, and independent contractors***…" (Complaint for Damanes, emphasis added) The original complaint further states, "Plaintiffs will hereafter seek leave of the Court to amend this complaint to show the Defendants' true names and capacities after the same have been ascertained." (*Id.*) Thus, defendants should not be surprised by plaintiffs' present motion.

To date, the parties have not conducted the depositions of any individual, no site inspection has been conducted, no medical examinations of plaintiffs have been scheduled. The parties have only exchanged initial Rule 26 disclosures. Therefore, defendants will not be subjected to undue prejudice by virtue of allowing plaintiffs leave to file their First Amended Complaint.

**E. There does not exist any futility in amending plaintiffs' complaint.**

The amendment to plaintiff's Complaint is relevant and necessary, as it only seeks to amend the allegations to adhere to evidence revealed through discovery and to add Jose Rivas as the individual who operated the lift, resulting in Victor Diaz's injury. The effect of amending plaintiffs' complaint will alleviate any existing or upcoming confusion of the issues in relation to the evidence. The addition of Jose Rivas as a party is necessary as he is no longer a Cargill employee and is therefore outside Cargill's control for the purposes of discovery. Should plaintiffs' complaint not be amended, there would be injustice to plaintiffs as the operative Complaint is lacking an important and indispensable party in Jose Rivas.

///

///

///

///

///



PANISH | SHEA | RAVIPUDI LLP

PANISH | SHEA | RAVIPUDI LLP

**V. CONCLUSION**

Based on the foregoing reasons, plaintiffs respectfully requests that this honorable Court grant this Motion to Amend the Complaint.

DATED: August 28, 2026

PANISH | SHEA | RAVIPUDI LLP

By: /s/Matthew G. Freeman
Matthew Freeman
Attorneys for Plaintiffs

PANISH | SHEA | RAVIPUDI LLP

**PROOF OF SERVICE**

**Diaz, Victor, et al. v Cargill Meat Solutions**
**Case No. 1:26-cv-02089-SAB**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11111 Santa Monica Boulevard, Suite 700, Los Angeles, CA 90025.

On August 28, 2026, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF VICTOR DIAZ AND MARIA DIAZ TO AMEND COMPLAINT ; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 28, 2026, at Los Angeles, California.

/s/ Gloria Herrera
Gloria Herrera

**SERVICE LIST**
**Diaz, Victor, et al. v Cargill Meat Solutions**
**Case No. 1:26-cv-02089-SAB**

| | |
|---|---|
| David A. Belcher<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>1800 Century Park East, Suite 1500 Los Angeles, California 90067<br>Telephone: 310.203.4000<br>Facsimile: 310.229.1285<br>Email: david.belcher@faegredrinker.com; shanta.teekah@faegredrinker.com; anne.larkin@faegredrinker.com;<br><br>Attorneys for Defendant Cargill Meat Solutions Corporation | JACOB D. BYLUND<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>801 Grand Avenue, 33rd Floor<br>Des Moines, Iowa 50309<br>Telephone: 515.447.4708<br>Facsimile: 515.248.9010<br>Email: jacob.bylund@faegredrinker.com;<br><br>Attorneys for Defendant Cargill Meat Solutions Corporation |
| H. Wayne Green<br>LAW OFFICE OF H. WAYNE GREEN<br>758 East Bullard Avenue, Suite 100<br>Fresno, California 92618<br>Telephone: 559.432.2750<br>Facsimile: 559.447.1248<br>Email: imgreenlaw@aol.com;<br><br>Co-counsel for Plaintiffs | |

PANISH | SHEA | RAVIPUDI LLP