**FAEGRE DRINKER BIDDLE & REATH LLP**
DAVID A. BELCHER (SBN 330166)
*david.belcher@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

**FAEGRE DRINKER BIDDLE & REATH LLP**
JACOB D. BYLUND (*Pro Hac Vice* to be sought)
*jacob.bylund@faegredrinker.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: +1 515 447 4708
Facsimile: +1 515 248 9010

Attorneys for Defendant
CARGILL MEAT SOLUTIONS CORPORATION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

VICTOR DIAZ, an individual; MARIA DIAZ, an individual,

Plaintiffs,

v.

CARGILL MEAT SOLUTIONS CORPORATION, a Delaware corporation; DOES 1 through 50, inclusive,

Defendants.

Case No. 1:26–CV–02089–SAB

(Superior Court of California, County of Fresno Case No. 26CECG00706)

**DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Complaint Filed: February 10, 2026
Date Removed: March 16, 2026

*[Declaration of David A. Belcher filed concurrently herewith]*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 5

II. FACTUAL BACKGROUND ..... 6

III. LEGAL STANDARD ..... 7

IV. ARGUMENT ..... 8

A. The *Hardin* Factors Strongly Weigh Against Plaintiffs' Request for Leave to Amend. ..... 8

1. Mr. Rivas is Not Indispensable. ..... 8

2. Joinder of Mr. Rivas is Solely for the Purpose of Destroying Jurisdiction. ..... 9

3. The Statute of Limitations does not Support Plaintiffs' Request for Leave. ..... 10

4. Plaintiffs Have Not Demonstrated Diligence in Seeking Joinder. ..... 11

5. Plaintiffs' claims Against Mr. Rivas Are Not Valid. ..... 11

6. Cargill Lacks a Close Relationship with Mr. Rivas and he is Likely Unaware of this Action. ..... 12

7. Denial of Leave to Amend will Cause No Prejudice to Plaintiffs. ..... 12

B. Rule 15(a)(2) Does Not Support Joinder of Mr. Rivas. ..... 13

V. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**


*Calderon v. Lowe's Home Centers, LLC*,
2015 WL 3889289 (C.D. Cal. June 24, 2015) ................ *passim*

*Clinco v. Roberts*,
41 F. Supp. 2d 1080 (C.D. Cal. 1999)................ 7, 11, 13

*Desert Empire Bank v. Ins. Co. of N. America*,
623 F.2d 1371 (9th Cir. 1980)................ 9

*Foman v. Davis*,
371 U.S. 178 (1962) ................ 14

*Hardin v. Wal-Mart Stores, Inc.*,
813 F. Supp. 2d 1167 (E.D. Cal. 2011)................ *passim*

*Harris v. DG Strategic VII, LLC*,
2026 WL 707425 (E.D. Cal. March 13, 2026)................ 7

*Herrera v. Walmart, Inc.*,
2026 WL 101633 (E.D. Cal. Jan. 14, 2026)................ 8, 9, 10

*Linnin v. Michielsens*,
372 F. Supp. 2d 811 (E.D.Va.2005)................ 10

*Munoz v. Walmart Inc.*,
2020 WL 91499 (E.D. Cal. Jan. 9, 2020)................ 9, 10, 11, 13

*Murphy v. Am. Gen. Life Ins. Co.*,
2015 WL 542786 (C.D. Cal. 2015)................ 11

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686 (9th Cir. 1998)................ 7

*Oum v. Rite Aid Corp.*,
2009 WL 151510 (C.D. Cal. Jan. 20, 2009) ................ 12

*Robinson v. Lowe's Home Centers, LLC*,
2015 WL 13236883 (E.D. Cal. Nov. 13, 2015) ................ 9

*Xiong v. Chavez*,
2016 WL 345609 (E.D. Cal. Jan. 28, 2016)................ 13

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007)................ 13

**Statutes, Rules & Regulations**

28 U.S.C. § 1447(e) ........ 5, 7, 9, 13

Cal. Civ. Proc. Code § 335.1 ........ 10

Fed. R. Civ. P. 15(a) ........ 5, 13, 14

Fed. R. Civ. P. 15(a)(2) ........ 5, 6, 13

Fed. R. Civ. P. 19 ........ 8

Fed. R. Civ. P. 19(a) ........ 8

Fed. R. Civ. P. 19(a)(1) ........ 8

Fed. R. Civ. P. 45 ........ 9

## I. INTRODUCTION

The Court should deny Victor and Maria Diaz's ("Plaintiffs") Motion for Leave to Amend ("Motion") because their request to add Jose Rivas, a former employee of Cargill Meat Solutions Corporation ("Cargill"), as a defendant is a transparent attempt to destroy jurisdiction. If "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder . . . ." 28 U.S.C. § 1447(e). In exercising discretion under section 1447(e), courts consider several factors, including whether the proposed defendant is indispensable, the prejudice the plaintiff would suffer if leave to amend is denied, the plaintiff's diligence in seeking leave, and whether joinder is solely for the purpose of destroying jurisdiction. *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173–74 (E.D. Cal. 2011).

Here, these factors—and all others—weigh strongly against Plaintiffs' request to add Mr. Rivas as a defendant. Mr. Rivas is not indispensable because, as Plaintiffs concede, all of his alleged actions took place "within the course and scope of his employment." *See* Declaration of Matthew Freeman ("Freeman Decl.") Ex. 1 at ¶ 3. Thus, any of Mr. Rivas' purported negligence is attributable to Cargill under the doctrine of *respondeat superior*, **his presence is unnecessary to provide Plaintiffs complete relief, and Plaintiffs will suffer no prejudice if the Court denies leave to amend**. *Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289 at *4 (C.D. Cal. June 24, 2015). Moreover, although Mr. Diaz was allegedly injured in 2024, Plaintiffs' Motion provides no evidence that they sought to discover Mr. Rivas' identity until this action "was removed to a disfavored venue" over two years later. *Calderon*, 2015 WL 3889289 at *5. The timing of Plaintiffs' request demonstrates that Plaintiffs did not diligently seek to ascertain Mr. Rivas' identity and suggests their motive for requesting leave to amend is to defeat diversity. For these reasons and others, all the *Hardin* factors weigh against Plaintiffs' request for leave to amend.

Plaintiffs' argument that leave to amend is proper under Rule 15(a)(2) applies the wrong legal standard and fails on its merits. It is well-settled that plaintiffs "may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. Rule Civ. Proc. 15(a) to join non-diverse parties." *Hardin*, 813 F. Supp. 2d at 1173. Accordingly, all of Plaintiffs' arguments concerning Rule 15(a)(2)—which does not govern their request for leave—are inapposite and the Court should deny Plaintiffs' Motion for

that reason alone. But even if Rule 15(a)(2) applied to Plaintiffs' request (it does not), then granting leave to amend would still be inappropriate. Plaintiffs have not demonstrated diligence in seeking leave and their request appears motivated by a desire to destroy federal subject matter jurisdiction. Moreover, adding Mr. Rivas as a defendant would cause him and Cargill prejudice and any amendment would be futile because Plaintiffs "have nothing to gain" by adding him as a defendant. *Calderon,* 2015 WL 3889289 at *5. For all of these reasons, the Court should deny Plaintiffs' Motion in its entirety.

## II. FACTUAL BACKGROUND

This action arises from an alleged incident that occurred in February 2024 while Plaintiff Victor Diaz was performing work at Cargill's meat packing facility in Fresno, California. Belcher Decl. Ex. A ("Compl.") ¶ 5. In their initial complaint, Plaintiffs alleged that, "while acting in the course and scope [of his] employment," a Cargill employee negligently operated a telehandler, which caused a dock plate to fall and hit Mr. Diaz in the head.[1] *Id.* at ¶ 6. Based upon these allegations, Plaintiffs have asserted negligence and loss of consortium claims against Cargill.

On February 12, 2026, Plaintiffs filed this action in the Fresno County Superior Court. Belcher Decl. ¶ 2. In March 2026, Cargill timely removed this action to the District Court for the Eastern District of California. Belcher Decl. ¶ 3. In June 2026, Cargill served its initial disclosures. *Id.* ¶ 4. Thereafter, Cargill attempted to identify the employee whom Plaintiffs allege operated the telehandler at the time of the incident. *Id.* ¶ 5. On August 13, Cargill informed Plaintiffs that it believes that the individual who last operated the telehandler before the alleged incident is a former Cargill employee named Jose Rivas. *Id.* ¶ 6. During that call, Cargill also informed Plaintiffs that Mr. Rivas stopped working for Cargill shortly after the alleged incident, that Cargill has had no contact with Mr. Rivas for over two years, and that Cargill was unaware of where Mr. Rivas worked or resided, and was still in the process of determining whether it had any contact information for him. *Id.* ¶ 7.

On August 28, 2026, over two years after the alleged incident occurred, Plaintiffs filed their Motion, which seeks to add Mr. Rivas as a defendant. In their proposed First Amended Complaint,

[1] Cargill presents the allegations as they appear in Plaintiffs' complaint. Cargill disputes that the allegations accurately reflect how the alleged incident occurred.

Plaintiffs allege, upon information and belief, that Mr. Rivas resides in California, but plead no facts supporting that assertion. *See* Freeman Decl. Ex. 1 at ¶ 3. Plaintiffs also do not allege any facts suggesting that they previously attempted to discover Mr. Rivas' identity or that they were unable to do so. *See* Freeman Decl. Ex. 1. Plaintiffs' Motion is similarly devoid of any assertion that Plaintiffs ever attempted to ascertain Mr. Rivas' identity before Cargill removed this case. Finally, like their initial complaint, Plaintiffs' proposed First Amended Complaint alleges that "at all times relevant" Mr. Rivas "was acting within the course and scope of his employment for . . . Cargill." Freeman Decl. Ex. 1 at ¶ 3.

## III. LEGAL STANDARD

If "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." 28 U.S.C. § 1447(e). The "language of §1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998). Congress empowered district courts to "scrutinize an attempted diversity-destroying amendment to ensure that it is proper" because "[o]nce a case has been removed, a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court rather than a desire to reach the merits." *Clinco v. Roberts,* 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999).

In exercising their discretion under section 1447(e), courts within the Eastern District consider several factors, including: (1) whether the party sought to be joined is indispensable; (2) whether the statute of limitations would prevent the plaintiff from suing the new party if joinder were denied; (3) the plaintiff's diligence in seeking joinder; (4) whether joinder is solely for the purpose of defeating jurisdiction; (5) whether the claims against the new party seem valid; (6) prejudice to parties that may result if joinder is denied; (7) the closeness of the relationship between the new and old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action. *Hardin*, 813 F. Supp. 2d at 1173–1174. "None of these factors amounts to a necessary condition, and just one might prove to be decisive, but district courts often weigh them all." *Harris v. DG Strategic VII, LLC*, 2026 WL 707425 at *2 (E.D. Cal. March 13,

2026). Here, all of the *Hardin* factors support denial of Plaintiffs' request for leave to add Mr. Rivas as defendant.

## IV. <u>ARGUMENT</u>

### A. The *Hardin* Factors Strongly Weigh Against Plaintiffs' Request for Leave to Amend.

#### 1. Mr. Rivas is Not Indispensable.

The first factor, whether Mr. Rivas is indispensable, weighs against granting leave to amend because Mr. Rivas is not a necessary party under Federal Rule of Civil Procedure 19(a). Under Rule 19, an absent party must be joined if, without that party, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest . . . ." Fed. R. Civ. P. 19(a)(1). Here, Mr. Rivas does not satisfy either of those criteria. *Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289 at *4 (C.D. Cal. June 24, 2015) is directly on point. There, the court denied the plaintiff's request to add a non-diverse individual employee in a premises liability suit against a company. In doing so, the court reasoned that the employee was not a "a necessary party within the scope of Rule 19(a)," because all of his alleged actions "as an employee are imputed to his employer under the doctrine of *respondeat superior*" so his absence would not "prevent complete relief from being accorded." *Id.* at *4.

Like the plaintiff in *Calderon*, Plaintiffs here plead that all of Mr. Rivas' alleged actions took place while he "was acting within the course and scope of his employment for . . . Cargill." Freeman Decl. Ex. 1 at ¶ 3. Accordingly, any negligence attributable to Mr. Rivas will be "imputed to [Cargill] under the doctrine of *respondeat superior*," Mr. Rivas' absence will not "prevent complete relief from being accorded," and he is not a "necessary party under Rule 19(a)." *Calderon*, 2015 WL 3889289 at *4. The second prong of Rule 19(a) is not satisfied either because there is no evidence that Mr. Rivas claims an interest in the subject matter of this action that will be impaired if he is not joined. Specifically, there is "nothing in the complaint or [Plaintiff's] motion suggests that [Mr. Rivas'] interests might diverge from [Cargill's] interests in any meaningful way." *Herrera v. Walmart, Inc.*, 2026 WL 101633 at *3 (E.D. Cal. Jan. 14, 2026).

Finally, Plaintiffs' assertion that "the addition of Jose Rivas as a party is necessary as he is

no longer a Cargill employee and is therefore outside Cargill's control for the purposes of discovery" is wrong. Motion at 4:20–21. Whether a proposed defendant is within the "control of" another party is not a factor courts consider in determining whether leave to amend is proper under section 1447(e). *Hardin*, 813 F. Supp. 2d at 1173–1174. Moreover, Plaintiffs can obtain discovery from Mr. Rivas in accordance with Federal Rule of Civil Procedure 45 irrespective of whether he is a defendant.

For each of these reasons, Mr. Rivas is not "indispensable," and this factor weighs against granting Plaintiffs leave to amend.

**2. Joinder of Mr. Rivas is Solely for the Purpose of Destroying Jurisdiction.**

The Court should additionally deny Plaintiffs' Motion because Plaintiffs' request for leave to amend appears to be motivated by a desire to destroy federal subject matter jurisdiction. The "motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). Accordingly, courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Id.* In evaluating the motive behind a request for leave to amend, courts consider several factors, including the timing of the request for leave. *See Herrera*, 2026 WL 101633 at *4 (holding, "A proposal to amend that . . . follows quickly and inexplicably on the heels of a removal suggests ulterior motives and weighs against amendment"); *see also Robinson v. Lowe's Home Centers, LLC*, 2015 WL 13236883 at *6 (E.D. Cal. Nov. 13, 2015). Courts also consider the potential benefit that a plaintiff may receive by adding the new defendant into a case when evaluating motive. *Calderon*, 2015 WL 3889289 at *5 (denying joinder of defendant where the plaintiff had "nothing to gain from joining [an individual employee] except for defeating diversity"); *Munoz v. Walmart Inc.*, 2020 WL 91499 at *3 (E.D. Cal. Jan. 9, 2020) (same).

Here, the timing of Plaintiffs' Motion strongly suggests their request for leave to amend is motivated by a desire to destroy subject matter jurisdiction. As discussed above, Plaintiffs' proposed First Amended Complaint and Motion do not describe any efforts that Plaintiffs

purportedly undertook to identify Mr. Rivas in the two years between the incident and when Cargill removed Plaintiffs' lawsuit to this Court. Rather, Plaintiffs' Motion "follows quickly and inexplicably on the heels of a removal," which "suggests ulterior motives and weighs against amendment." *See Herrera*, 2026 WL 101633 at *4.

The fact that Plaintiffs will receive no benefit from adding Mr. Rivas as a defendant similarly suggests Plaintiffs' motive for seeking leave to add him as a defendant is to destroy subject matter jurisdiction. Where a company and an individual employee are both sued for actions allegedly taken by an employee within the scope of his employment it is "the deep-pocket employer, who will be ultimately responsible for any damages under the doctrine of *respondeat superior.*" *Calderon*, 2015 WL 3889289 at *4 (citing, *Linnin v. Michielsens,* 372 F. Supp. 2d 811, 823–24 (E.D.Va.2005)). This is because "[j]uries are loath to saddle a lowly employee with a joint and several judgment." *Id.; see also Munoz*, 2020 WL 91499 at *2 (finding the plaintiff's motive in seeking leave to amend was to defeat diversity where the plaintiff had "nothing to gain" by joining an individual employee of the other defendant). Here, Plaintiffs concede that all of Mr. Rivas' alleged actions took place "within the scope of [his] employment" and are therefore attributable to Cargill. Freeman Decl. Ex. 1 at ¶ 3. Because the doctrine of *respondeat superior* will apply, Cargill "will be ultimately responsible for any damages" attributable to Mr. Rivas and Plaintiffs have "nothing to gain" by joining him as a defendant. *Calderon*, 2015 WL 3889289 at *4; *Munoz*, 2020 WL 91499 at *2. For these reasons, Plaintiffs' request for leave to amend appears to be motivated by a desire to destroy subject matter jurisdiction and this factor weighs against amendment.

**3. The Statute of Limitations does not Support Plaintiffs' Request for Leave.**

The statute of limitations does not support granting Plaintiffs leave to amend either. Where a proposed defendant is not a necessary party, the potential untimeliness of a plaintiff's claims against that defendant does not support joinder. *See Calderon*, 2015 WL 3889289 at *5; *Munoz*, 2020 WL 91499 at *2. Here, Plaintiffs' proposed negligence and loss of consortium claims against Mr. Rivas are subject to two-year statutes of limitation and will be time-barred if the Court does not join Mr. Rivas as a defendant. Cal. Civ. Proc. Code § 335.1. Nevertheless, because Mr. Rivas

is "not a necessary party for Plaintiff[s] to fully recover" for their claims, "this factor does not support remand." *Calderon*, 2015 WL 3889289 at *5.

**4. Plaintiffs Have Not Demonstrated Diligence in Seeking Joinder.**

The Court should additionally deny Plaintiffs' request for leave to amend because they have not demonstrated diligence in seeking joinder of Mr. Rivas. When determining timeliness of a request for leave to amend, courts consider, among other things, whether the identity of the proposed defendant was ascertainable earlier. *See Clinco*, 41 F. Supp. 2d at 1082; *Murphy v. Am. Gen. Life Ins. Co.*, 2015 WL 542786 at *9 (C.D. Cal. 2015) (observing a court has discretion to deny joinder of a party "whose identity was ascertainable and thus could have been named in the first complaint"); s*ee also Calderon*, 2015 WL 3889289 at *5. Here, Plaintiffs allege that Mr. Diaz was injured in February 2024, but Plaintiffs did not file their initial complaint until nearly two years later, and did not seek leave to add Mr. Rivas as defendant until August 2026, after the case was removed to this Court. Nevertheless, Plaintiffs' proposed First Amended Complaint does not allege any facts demonstrating that Plaintiffs were unable to identify Mr. Rivas sooner. In their Motion, Plaintiffs similarly do not assert that they ever previously attempted to discover Mr. Rivas' identity, do not describe any steps they took to identify Mr. Rivas, and have failed to demonstrate that they were unable to ascertain his identity before August 2026. Plaintiffs' failure to set forth evidence of diligence suggests that, like the plaintiff in *Calderon*, Plaintiffs "never attempted to identify or charge a doe defendant until [they] found that the case was removed to a disfavored venue." *Calderon*, 2015 WL 3889289 at *5. Thus, this "factor weighs heavily against amendment." *Id.*

**5. Plaintiffs' claims Against Mr. Rivas Are Not Valid.**

The Court should also deny Plaintiffs' Motion because their proposed claims against Mr. Rivas are not valid. In determining the validity of claims against a proposed defendant, courts consider, among other things, whether the proposed defendant's "individual conduct was for his own benefit or personal advantage" or whether the defendant's conduct may be "imputed to his employer." *See Calderon*, 2015 WL 3889289 at *6; *Munoz*, 2020 WL 91499 at *3 (finding proposed claims against individual were not valid because the employee's alleged actions were "imputed to her employer").

Here, Plaintiffs' proposed First Amended Complaint confirms that Mr. Rivas' alleged conduct was undertaken while he "was acting within the course and scope of his employment for" Cargill—and not for his own benefit or personal advantage. Freeman Decl. Ex. 1 at ¶ 3. Moreover, because Mr. Rivas was allegedly acting on Cargill's behalf at the time of the incident, his actions will be "imputed" to Cargill under *respondeat superior*. Thus, this factor also weighs against granting Plaintiffs leave to amend their complaint.

**6. Cargill Lacks a Close Relationship with Mr. Rivas and he is Likely Unaware of this Action.**

The lack of a close relationship between Cargill and Mr. Rivas and his near-certain lack of knowledge about this lawsuit also weigh against leave to amend. Courts have found that the closeness-of-relationship factor weighs in favor of amendment where there is a current employment relationship between the existing defendant and the proposed new defendant. *See Oum v. Rite Aid Corp.*, 2009 WL 151510 at *2 (C.D. Cal. Jan. 20, 2009) (finding closeness of relationship supported joinder where proposed defendant was an employee of an existing defendant). Here, no such relationship exists. Mr. Rivas is a former Cargill employee who left Cargill shortly after the alleged incident—over two years ago. Belcher Decl. ¶ 7.

Moreover, it is highly unlikely that Mr. Rivas knows about this lawsuit, which further weighs against granting Plaintiffs' request for leave to amend. Cargill has had no contact with Mr. Rivas in over two years, does not know where he is currently employed or resides, and is unaware of his current contact information. Belcher Decl. ¶ 7. In their Motion, Plaintiffs also do not assert that they have informed Mr. Rivas of this lawsuit or have had any contact with him. Mr. Rivas' lack of knowledge about this suit weighs against the court granting Plaintiffs leave to amend. *Hardin*, 813 F. Supp. 2d at 1174.

**7. Denial of Leave to Amend will Cause No Prejudice to Plaintiffs.**

Finally, the Court should deny Plaintiffs' Motion because Plaintiffs will suffer no prejudice if leave to amend is denied. Because Cargill may be held vicariously liable for Mr. Rivas' alleged conduct under *respondeat superior*, Plaintiffs can receive full and complete relief without adding Mr. Rivas as a party and will suffer no prejudice if the Court denies their Motion. *See Calderon*,

2015 WL 3889289 at *6; *Munoz*, 2020 WL 91499 at *3.

In contrast, granting leave to amend will cause Mr. Rivas and Cargill significant prejudice. Mr. Rivas, who is not a Cargill employee, would be dragged into a lawsuit that he knows nothing about based upon alleged conduct that took place while he was acting within the course and scope of his employment over two-and-a-half years ago. Similarly, Cargill would be deprived of litigating in this forum based upon the joinder of a defendant who was named for the express purpose of defeating diversity. For these reasons, the "prejudice" factor—like every other *Hardin* factor—weighs against granting Plaintiffs' Motion.

**B. Rule 15(a)(2) Does Not Support Joinder of Mr. Rivas.**

Plaintiffs' reliance upon Federal Rule of Civil Procedure 15(a)(2) in support of their request for leave to amend is misplaced for at least two reasons. Motion at 3:7–4:23.

***First***, Rule 15(a) does not apply to requests seeking to add non-diverse defendants after removal of an action. It is well-settled that Plaintiffs "may not circumvent 28 U.S.C. § 1447(e) by relying on Fed. Rule Civ. Proc. 15(a) to join non-diverse parties." *Hardin*, 813 F. Supp. 2d at 1173; *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086–87 (C.D. Cal. 1999) (holding, "Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction. To apply the permissive standard of Rule 15(a) . . . would allow a plaintiff to improperly manipulate the forum of an action . . . ."). For this reason alone, the Court should deny Plaintiffs' request for leave to amend because **Plaintiffs have not articulated any reason that leave is proper under section 1447(e)—the governing legal standard.** Moreover, the Court should not consider any arguments that Plaintiffs may make concerning section 1447(e) for the first time in reply because those would be different legal arguments. *See Xiong v. Chavez*, 2016 WL 345609 at *20 (E.D. Cal. Jan. 28, 2016) (holding, "It is improper for the moving party to introduce new facts or different legal arguments in the reply brief than presented in the moving papers."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (holding "district court need not consider arguments raised for the first time in a reply brief").

***Second***, Rule 15(a) would not support granting Plaintiffs leave to amend their complaint even if it applied here (it does not). In deciding whether to grant leave to amend under Rule 15(a),

Courts consider several factors, including: (1) the moving party's delay in seeking leave to amend; (2) bad faith or dilatory motive by the moving party; (3) repeated failure to cure deficiencies; (4) undue prejudice to the opposing parties; and (5) the futility of the amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

For the reasons discussed above, these factors do not support granting Plaintiffs leave to amend to add Mr. Rivas as a defendant. Plaintiffs have not demonstrated diligence in seeking leave to amend because they have presented no evidence that they sought to ascertain Mr. Rivas' identity until more than two years after the incident, following Cargill's removal of this case to federal court. Moreover, Plaintiffs' request for leave to amend appears to be motivated by a desire to destroy subject matter jurisdiction and is therefore "improper[]." See *Calderon*, 2015 WL 3889289 at *2. Joinder of Mr. Rivas as a defendant would prejudice both Cargill and Mr. Rivas. Cargill would be forced to litigate in a different forum based upon an improperly joined defendant and Mr. Rivas would be forced to defend himself in a lawsuit even though he has no liability in his individual capacity. Finally, Plaintiffs' claims against Mr. Rivas are "futile" because they have "nothing to gain" by adding him as defendant. *Calderon*, 2015 WL 3889289 at *5.

In sum, Rule 15(a) does not govern Plaintiffs' request for leave to amend and, even if it did, it would not support the joinder of Mr. Rivas as a defendant. Accordingly, the Court should deny Plaintiffs' Motion.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion in its entirety.

Dated: September 11, 2026

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: /s/ David Belcher

David A. Belcher
Jacob D. Bylund (*Pro Hac Vice* to be Sought)

Attorneys for Defendant
CARGILL MEAT SOLUTIONS CORPORATION